**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**JACK JAMES ERSELIUS,**<br><br>**Defendant.** | **Case No. 3:25-mj-00073-SBJ**<br><br>**DEFENDANT'S PROFFER OF FACTS AND BRIEF FOR DETENTION HEARING** |

**COMES NOW** the Defendant, Jack Erselius, through counsel, and hereby offers the following proffer of facts for the September 23, 2025, detention hearing:

## PROFFER OF FACTS

1. Mr. Erselius was charged at the state level for the same underlying conduct on January 15, 2025. No additional criminal activity or offense conduct has occurred since that date.

2. After his arrest on state charges, Mr. Erselius posted bond and was released from custody. He resided with his parents while out on bond. He did commit any violations of the conditions of his bond, nor did he engage in any additional criminal activity.

3. During this time, Mr. Erselius took community college classes and maintained employment. He is in therapy and attends sessions regularly.

4. He has not used social media or been otherwise active on internet forums since his arrest in January.

5. Mr. Erselius has maintained close contact with his attorneys throughout this entire process.

6. When Mr. Erselius learned of the federal charges against him, he willingly turned himself into custody at the sheriff's office.

7. If released pending his federal trial, Mr. Erselius will reside with his grandfather and grandmother. Mr. Erselius' grandfather is a former prosecutor with the Iowa attorney general's office. He is willing to allow Mr. Erselius to live with him and act as a third-party custodian pending trial. There are no minors living in the home.

8. Mr. Erselius will voluntarily submit to house arrest and electronic monitoring with an ankle bracelet at his cost. He would only need to travel to Des Moines on occasion to visit with his attorneys.

9. Mr. Erselius' grandparents have the internet but do not have a computer. They have an Ipad that is password protected. They will ensure that Mr. Erselius does not access the internet in their home.

10. Mr. Erselius' uncle is a police officer, who has agreed to help assist with monitoring Mr. Erselius while on release.

11. He will continue to be actively engaged in mental health treatment.

12. Mr. Erselius will agree that he will not use a computer while on release. He will not use a smartphone either. He has been using a non-smartphone since he was arrested. Mr. Erselius would only ask that he be permitted to have telephone calls with his siblings and parents. His parents will monitor the calls.

13. Mr. Erselius is only 19 years old. He was only 18 at the time of the alleged conduct. Apart from the present offense, he has no previous criminal history. He was enrolled in college and is an excellent student.

## LEGAL STANDARDS

14. A defendant's pretrial detention is proper only when the Government "shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or conditions. . . will reasonably assure the defendant's appearance." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). The Government bears the burden to prove that detention is warranted. *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003).

15. In a case where a rebuttable presumption of detention applies, the "defendant bears a limited burden of production – not a burden of persuasion – to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Id.* After a defendant meets the burden of production, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.* These factors include the following: (1) the nature and circumstances of the alleged offense; (2) the weight of the evidence against a defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the seriousness of the danger posed to the community or to an individual. *Id.* (citing 18 U.S.C. § 3142(g)).

16. Pretrial detention is the exception, rather than the rule. *United States v. Leyba*, 104 F. Supp. 2d 1182, 1183 (S.D. Iowa 2000); *see also United States v. Garcia*, 801 F. Supp. 258, 260 (S.D. Iowa 1992) (noting that "Congress intended. . . that very few defendants will be subject to pretrial detention"). A court cannot detain a defendant

"simply because there are no conditions of release that will 'guarantee' the defendant's appearance at trial and the safety of the community." *United States v. Stenger*, 536 F. Supp. 2d 1022, 1025 (S.D. Iowa 2008) (citing *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985)). The "reasonable assurance" requirement of 18 U.S.C. § 3142 demands that courts only order pretrial detention for the "small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons. *Leyba*, 104 F. Supp. 2d at 1183*.*

**ARGUMENT**

17. The individual facts of Mr. Erselius' case are sufficient to rebut the presumption of detention under 18 U.S.C. § 3142. "The purpose of the rebuttable presumption is to shift the burden to a defendant to establish a basis for concluding that there are conditions of release sufficient to reasonably assure that a defendant will not engage in dangerous criminal activity pending trial." *Garcia*, 801 F. Supp. at 261.

18. Mr. Erselius has resided in Iowa for his entire life and has no ties to other areas of the country or to foreign countries. Nearly his entire family resides in Iowa. His grandfather, a former prosecutor with the Iowa Attorney General's office, has agreed to act as a third-party custodian. His uncle, a police officer, has agreed to help monitor him while on release.

19. He has a close relationship with his parents, with whom he has been residing since his arrest in January, who will help to ensure his compliance with the conditions of his release and his presence at all future proceedings. He will also willingly submit to house arrest and electronic monitoring. These factors demonstrate that Mr.

Erselius is not a flight risk nor a danger to the community, thereby rebutting the presumption of detention.

20. The facts of the alleged offenses, though serious, do not permit the Government to detain Mr. Erselius without cause. Mr. Erselius is charged with a nonviolent crime. He has additionally agreed to not use the computer or a smartphone while out on pretrial release. Additionally, his limited criminal history demonstrates that he poses no risk of violence or represents a danger to the community.

21. Furthermore, Mr. Erselius' personal characteristics show that he does not pose a risk of flight. He was on pretrial release for his state charges with no violations. He remained in Iowa after his state charges were dismissed.

22. He voluntarily turned himself into the sheriff's office when he learned of the federal charges against him. He has spent all of his life in Iowa and nearly all of his family resides here. His parents, uncle, and grandfather have all volunteered to assist in monitoring him and ensuring his presence at all future proceedings. He will also be subjected to electronic monitoring to keep him accountable.

**WHEREFORE**, the Defendant, Jack Erselius, respectfully requests this Court order his pretrial release with conditions and grant him any other relief that is just and equitable under the circumstances.

**PARRISH KRUIDENIER, L.L.P.**

By: /s/ Alfredo Parrish

Alfredo Parrish AT0006051
Gina Messamer AT0011823
2910 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 284-5737
Facsimile: (515) 284-1704
Email: aparrish@parrishlaw.com

gmessamer@parrishlaw.com
**ATTORNEYS FOR DEFENDANT**

**Copy to client.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 22, 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system and a true copy of the foregoing was served electronically on the attorneys of record.

By: __/s/ Gina Messamer__________